[Cite as *Mt. Lookout Community Council v. Cincinnati*, 2023-Ohio-1729.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MT. LOOKOUT COMMUNITY COUNCIL, | : | APPEAL NO. C-220533 <br> TRIAL NO. A-2103378 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| CITY OF CINCINNATI, | : | |
| and | : | |
| CITY OF CINCINNATI ZONING BOARD OF APPEALS, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| L&D REAL ESTATE HOLDINGS, LLC, | : | |
| L&D REAL ESTATE PROPERTIES, LLC, | : | |
| and | : | |
| R2 PARTNERSHIP, | : | |
| Intervenors-Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 24, 2023

*Suder LLC* and *Sean S. Suder* for Plaintiff-Appellant,

*Emily Smart Woerner*, City Solicitor, and *Kevin M. Tidd*, Senior Assistant City Solicitor, for Defendants-Appellees,

*Wood & Lamping LLP* and *Kathleen F. Ryan*, for Intervenors-Defendants-Appellees.



**CROUSE, Presiding Judge.**

{¶1} In this administrative appeal, we consider whether the Zoning Hearing Examiner ("ZHE") is permitted under the Cincinnati Zoning Code to grant a use variance to permit demolition of existing buildings in a zoning overlay district where demolition is not generally permitted. For the following reasons, we determine that demolition is not a "use" for the purposes of a use variance.

### I. Factual and Procedural History

{¶2} Plaintiff-appellant Mt. Lookout Community Council ("MLCC") brought an administrative appeal before the court of common pleas to challenge the decision of defendant-appellee Zoning Board of Appeals ("ZBA"). The ZBA, on behalf of defendant-appellee city of Cincinnati (collectively, the "city appellees"), affirmed the ZHE's decision to grant a use variance to intervenors-defendants-appellees R2 Partnership, L&D Real Estate Holdings, LLC, and L&D Real Estate Properties, LLC, (collectively, the "Developers"). The use variance purports to allow the Developers to demolish four buildings in Cincinnati's Mt. Lookout neighborhood, located at 1009, 1011, 1013, and 1015 Delta Avenue (the "property").

{¶3} In February 2020, the Developers filed an application with the city to demolish the existing single-family homes located on their property and replace them with a multi-family development. Under the Cincinnati Zoning Code, the property is located in a Commercial Neighborhood-Pedestrian ("CN-P") zone. The property is also within the Mt. Lookout Square Urban Design Overlay District ("UDOD"), and partially within a Hillside Overlay District. The zoning code generally permits single-family and multi-family dwellings within the CN-P zone. Cincinnati Municipal Code Schedule 1409-07. However, at the time the Developers filed their application, the zoning code

prohibited demolition within the UDOD unless the demolition had been ordered by the Director of Buildings and Inspections for reasons of public health and safety, and at least one of several other conditions had been met. Former Cincinnati Municipal Code 1437-09(i), effective June 16, 2018.

{¶4} The ZHE denied the Developers' 2020 application based on the restriction against demolition in the UDOD. The Developers appealed to the ZBA, which affirmed the denial. In the ZBA's decision, it noted in dicta that "a use variance as described in Cincinnati Municipal Code § 1445-16 may be considered when the ZHE determines that the standards of the Urban Design Overlay District cannot be met."

{¶5} On February 19, 2021, the Developers filed their second application for zoning relief. In their second application, the Developers requested a use variance to allow demolition of the buildings on the property, as suggested by the ZBA. The ZHE approved the use variance. MLCC appealed the ZHE's decision to the ZBA, which affirmed the grant of the use variance.

{¶6} MLCC subsequently filed an administrative appeal of the ZBA's decision in the court of common pleas. Following a hearing, the court affirmed the ZBA's decision. This appeal timely followed.

## II. Analysis

{¶7} In its sole assignment of error, MLCC argues that the trial court erred in holding that a use variance can be used to permit demolition of the subject properties. MLCC centers its argument on three main issues: (1) that Ohio law permits a use variance only to permit a specifically prohibited land use, and only when the legislature has specifically delegated such authority; (2) that demolition does not constitute a land use; and (3) that the city council has not, through the Cincinnati

4

Zoning Code, delegated the authority to the ZHE to grant use variances from the regulations pertaining to the UDOD.

{¶8} In an administrative appeal under R.C. Chapter 2506, the court of appeals "reviews only questions of law." *Citizens Against Blasting On Our Miami (CABOOM) v. Anderson Twp. Bd. of Zoning Appeals*, 1st Dist. Hamilton Nos. C-120011, C-120012, C-120013, C-120014 and C-120015, 2012-Ohio-6145, ¶ 11, citing R.C. 2506.04. For this reason, the appropriate standard of review is de novo. *Crutcher v. Oncology/Hematology Care, Inc.*, 2022-Ohio-4105, 201 N.E.3d 446, ¶ 55 (1st Dist.), citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. As such, the court gives no deference to the interpretations of law made by the administrative bodies below. *In re Application of Black Fork Wind Energy, L.L.C.*, 156 Ohio St.3d 181, 2018-Ohio-5206, 124 N.E.3d 787, ¶ 43 (Kennedy, J., concurring) ("And because the interpretation of a statute is a question of law, we review the board's interpretation de novo and without deference.").

{¶9} MLCC argues that the ZHE does not have the authority to allow demolition in the UDOD by way of a use variance. Specifically, MLCC argues that "demolition" is not a "use" in the context of the zoning code.

{¶10} Under R.C. 713.11, the legislative authority of a municipality may delegate the power to grant use and area zoning code variances to an administrative body. *Schomaeker v. First Natl. Bank*, 66 Ohio St.2d 304, 306, 421 N.E.2d 530 (1981).

A use variance permits land uses for purposes other than those permitted in the district as prescribed in the relevant regulation. An example of a use variance is a commercial use in a residential district. Area variances do not involve uses, but rather structural or lot

restrictions. An example of an area variance is relaxation of setback lines or height restrictions.

*Id.* at 306-307. R.C. 713.11 makes clear that the administrative body's power to permit exceptions and variations to the general zoning regulations derives from, and is limited by, the grant of such authority from the municipality. *See id.* at 307 ("Given the broad grant of power in R. C. 713.11 to allow use and area variances, a municipal corporation is not required to delegate to its planning commission the full power authorized by statute.").

{¶11} At issue in this case is a use variance. The Cincinnati Municipal Code delegates the power to grant use variances to the ZHE under limited conditions. Cincinnati Municipal Code 1445-16. A use variance operates to "allow a use not permissible under the terms of the Zoning Code or the Land Development Code in the zoning district in which the property is located." *Id.* An applicant requesting a use variance must show that "the applicant will suffer unnecessary hardship if strict compliance with the terms of the Code" is required. *Id.* The applicant is required to demonstrate this need by clear and convincing evidence as to several enumerated criteria. *Id.*

{¶12} The Developers claim that their use variance is proper under Cincinnati Municipal Code 1445-16. The code states that the permission granted by a use variance is to "allow a use not permissible * * * in the zoning district in which the property is located." *Id.* The Developers and the city contend that, in this case, demolition is a "use."

{¶13} The "uses" allowed in a CN-P district, where the property lies, include residential uses, such as single-family dwellings, multi-family dwellings, and assisted

living care facilities; commercial uses, such as animal service facilities, bed and breakfast inns, and funeral and interment services; industrial uses, such as communications facilities, public utility distribution systems, and railroad rights-of-way; and accessory uses, such as refuse storage areas, commercial vehicle parking, and portable storage containers. Cincinnati Municipal Code Schedule 1409-07. Prohibited uses include colleges, hospitals, garden supply stores and nurseries, private vehicular storage lots, and transportation passenger terminals. *Id.* All "uses" are purposes for which land is used.

{¶14} The zoning code's use schedules do not include construction, remodeling, refurbishment, or demolition. *See* Cincinnati Municipal Code Schedules 1403-05, 1405-05, 1407-05, 1409-07, 1410-05, 1411-05, 1413-05, 1415-05, 1416-05 and 1417-03. This makes sense because construction, remodeling, refurbishment, and demolition are all processes by which land might be transformed into a use or from one use to another. They are not purposes for which land is used. And while we recognize that there may be uses beyond those specifically enumerated in the zoning code, such novel uses would embrace only those similar in nature to the enumerated uses. A process by which land is transformed into a use cannot be considered a use in and of itself.

{¶15} Further, any uses that are not listed in the appropriate district's schedule of uses "are prohibited." Cincinnati Municipal Code 1403-05, 1405-05, 1407-05, 1409-07, 1410-05, 1411-05, 1413-05, 1415-05, 1416-05 and 1417-03. If demolition were considered to be a "use," then no demolition could take place within any zoning district without first obtaining a use variance because no zoning district permits demolition as a use. This would make it substantially more difficult to conduct

7

demolition in parts of the city that do not have special protections created in the zoning code. At the same time, it would make demolition easier in protected zones, such as the UDOD and historic districts. *See, e.g.,* Cincinnati Municipal Code 1435-09 (requiring the granting of a "Certificate of Appropriateness" to demolish property in a historic district and setting forth specific criteria and processes to obtain one.).

{¶16} The clear, unambiguous language of the zoning code is that demolition in the UDOD is prohibited unless certain listed prerequisites are met. A use variance allows a use not permissible in the zoning district, not any possible deviation from the zoning code.

### III. Conclusion

{¶17} We conclude that demolition is not a land use that can be permitted through a use variance. Therefore, we sustain MLCC's assignment of error. The judgment of the court of common pleas is reversed and the cause is remanded to the ZBA with instructions to enter an order vacating the Developers' use variance.

Judgment reversed and cause remanded.

**WINKLER** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.